IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN CAREY,

    Plaintiff,

v.

CAPITAL LINK MANAGEMENT, LLC,

    Defendant.

Case No. 6:22-cv-00277-MC

**OPINION & ORDER**

**MCSHANE, Judge**:

Plaintiff John Carey brings this action against Defendant Capital Link Management, LLC, for several violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and Oregon law. Compl., ECF No. 1. Defendant received service of the Complaint on May 12, 2022 but has failed to file any responsive pleading. ECF No. 4. Accordingly, the Court entered Defendant's default pursuant to Fed. R. Civ. P. 55(a). ECF No. 8. Plaintiff now moves for default judgment, attorney fees, and costs. For the below reasons, Plaintiff's motion (ECF No. 14) is GRANTED.

**BACKGROUND**[1]

Defendant, a debt-collecting business, attempted to collect a debt from Plaintiff by calling and texting him on numerous occasions. Compl. ¶ 5, 9. The FDCPA and corresponding Oregon statutes impose certain restraints on debt collectors regarding acceptable collection activities and communications with consumers. Plaintiff alleges Defendant violated the FDCPA and Oregon

---

[1] Because Defendant failed to respond, all well-pleaded allegations in the Complaint that do not relate to the amount of damages are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

1 – OPINION AND ORDER

law in several ways:

>(1) failing to identify as a debt collector in telephone communications to Plaintiff;
>
>(2) falsely implying that Defendant was a law firm;
>
>(3) threatening to sue Plaintiff but never intending to carry out the threat;
>
>(4) failing to inform Plaintiff of his right to dispute the debt;
>
>(5) creating false timelines; and
>
>(6) failing to inform Plaintiff that the purpose of the calls was to collect a debt.

*See* Pl.'s Mot. Default J. 9–12; Compl. ¶¶ 10–21. As noted above, Defendant has entirely failed to appear or defend against this action.

## STANDARDS

A defendant must file a responsive pleading within 21 days of being served, or within 60 days if the defendant has timely waived service. Fed. R. Civ. P. 12(a)(1). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

After entering an order of default, the district court has discretion to issue a default judgment. *See* Fed. R. Civ. P. 55(b); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising its discretion, the court may consider: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. The Court takes the Complaint's well-pleaded factual allegations as true. *DirecTV, Inc. v. Huynh*,

503 F.3d 847, 854 (9th Cir. 2007). However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## **DISCUSSION**

### I. Entry of Default Judgment

In considering an entry of default judgment, the Court examines the seven factors laid out in *Eitel*. To satisfy the first three factors, Plaintiff must state a valid claim in a well-pleaded complaint, and sufficiently demonstrate prejudice to Plaintiff if default judgment is not entered.

After reviewing Plaintiff's Complaint and the relevant law, the Court finds that Plaintiff stated valid claims for multiple violations of the FDCPA and Oregon law. For instance, Plaintiff asserts a violation of 15 U.S.C. § 1692d(6), which forbids debt collectors from placing "telephone calls without meaningful disclosure of the caller's identity." Plaintiff sufficiently stated a claim under this subsection by alleging that, on more than one occasion, Defendant contacted Plaintiff and "did not inform [him] that the communication was a call from a debt collector and/or that the call was an attempt to collect a debt." Compl. ¶ 21.

Plaintiff also asserts violations of multiple subsections of 15 U.S.C. § 1692e. Specifically, subsections 1692e(3) and (10) outlaw the "false representation or implication that any individual is an attorney or that any communication is from an attorney" and the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(3), (10). Subsection 1692e(5) further prohibits "threat[s] to take any action. . . that is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiff adequately pleaded violations of these subsections by alleging that Defendant said it was using "rocket dockets" to file lawsuits and "impliedly or directly stated that it would sue Plaintiff to collect the Account." Compl. ¶ 11.

3 – OPINION AND ORDER

Plaintiff alleged that Defendant's statements "falsely implied that [Defendant] was a law firm or employed the assistance of lawyers in its collection efforts." *Id.* ¶ 13. Further, Plaintiff alleged Defendant did not "have the present intention of suing Plaintiff." *Id.* ¶¶ 11–12.

Plaintiff next claims Defendant violated 15 U.S.C. § 1692g(a). This section requires the debt collector to send a written notice to the consumer containing (1) a warning to the consumer that failing to dispute the validity of the debt will result in the debt collector assuming the debt is valid and (2) a statement that the consumer can request verification of the debt from the debt collector. 15 U.S.C. § 1692g(a)(3)–(4). Plaintiff adequately pleaded a violation by alleging that Defendant "never informed Plaintiff of his right to dispute the debt in question and/or request validation of the debt in question." Compl. ¶ 14.

Finally, Oregon law prevents a debt collector from communicating with a debtor orally without disclosing "the true purpose of the communication." Or. Rev. Stat. § 646.639(2)(i). Plaintiff pleaded a violation of this section by alleging that on multiple occasions, Defendant "did not inform Plaintiff . . . that the call was an attempt to collect a debt." Compl. ¶ 21.

Plaintiff has stated valid claims under the FDCPA and Oregon law. In terms of prejudice to Plaintiff, if this Court does not enter default judgment, Plaintiff has no other avenue to collect damages from Defendant. The first three *Eitel* factors are satisfied. Regarding the fourth and fifth factors, the sum of money at stake in this action is consistent with the allowable damages under the FDCPA and Oregon law (discussed more below), and there is no material dispute concerning Defendant's violations. As to the sixth factor, Defendant has not provided the Court any explanation that would constitute excusable neglect. Although the seventh factor favors decisions on the merits, Defendant's inaction in this matter has rendered a decision on the merits impossible. If the general policy in favor of a decision on the merits, standing alone, outweighed

the previous six *Eitel* factors, then defendants could always refuse to defend an action and still avoid a default judgment. The *Eitel* factors therefore support an entry of default judgment in this case.

**II. Damages**

Because the Court accepts as true all allegations from the Complaint except those relating to damages, Plaintiff must prove the amount of damages he seeks. The FDCPA provides for statutory damages of up to $1,000 and recovery of reasonable attorney fees and costs. 15 U.S.C. § 1692k(a). Oregon law provides for statutory damages of up to $200, as well as punitive damages and reasonable attorney fees. Or. Rev. Stat. § 646.641(1).

Plaintiff's request for $1,000 in statutory damages under the FDCPA is reasonable. Based on Plaintiff's well-pleaded Complaint, Defendant's frequent and persistent noncompliance with the FDCPA warrants collection of the maximum statutory damages available. 15 U.S.C. § 1692k(a)(2)(A). Similarly, Plaintiff is entitled to $200 for Defendant's violation of section 646.639 under Oregon law. Or. Rev. Stat. § 646.641(1).

Plaintiff's request for $5,000 in punitive damages under Oregon law is reasonable. Section 646.641(1) gives the Court discretion to award punitive damages for the willful use of an unlawful debt collection practice. Or. Rev. Stat. § 646.641(1). Defendant here committed unlawful collection practices on multiple occasions, as detailed above, then ignored a notice from Plaintiff's lawyer requesting that Defendant cease and desist contact with Plaintiff. Compl. ¶ 17–19. Defendant's text message to Plaintiff, sent *after* receiving Plaintiff's lawyer's notice, still failed to disclose Defendant's identity in violation of the FDCPA and Oregon law. *Id.* ¶ 19–20. Further, Defendant refused to engage in this litigation despite confirmed email correspondence between Plaintiff's lawyer and Defendant's counsel and corporate

representative. Pl.'s Mot. Default J., Ex. 2. Plaintiff also notes the several other recent lawsuits against Defendant for similar violations. Pl.'s Br. 14. Based on Defendant's incessant disregard for the law and failure to respond to allegations against it, Plaintiff's request for $5,000 in punitive damages is warranted.

Plaintiff's request for attorney fees and costs is also reasonable. To determine a reasonable hourly rate for an attorney, courts look to the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). The relevant community is the "one in which the district court sits." *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991). The Oregon State Bar Economic Survey provides a benchmark to compare an attorney's hourly rate with the hourly rate ordinarily charged in the area. *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1244 (D. Or. 2013).

Plaintiff's counsel has been licensed to practice in the state of Arkansas since 2006 and began handling FDCPA cases in approximately 2008. Pl.'s Mot. Ex. 2. He began focusing on consumer law cases fulltime in 2010 and charges an hourly rate of $400. *Id.* Counsel submitted an itemized fee statement with an hourly breakdown of his time spent on this case, totaling 19.9 hours. *Id.* Ex. 1.

Counsel's time spent on this case is reasonable in light of his repeated communications with Defendant's counsel attempting to resolve the matter via settlement prior to moving for default judgment. Additionally, counsel's hourly rate is reasonable for attorneys of comparable skill and experience. While $400 per hour is slightly higher than the average rate for an attorney with 16–20 years of experience in Oregon ($359), it is not excessive.[2] Plaintiff is therefore entitled to $7,960 in attorney fees and $447 in court costs.

---

[2] *Oregon State Bar 2022 Economic Survey*, at 43, https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf (last visited August 8, 2023).

6 – OPINION AND ORDER

Finally, Plaintiff is entitled to post-judgment interest. Federal law governs the post-judgment interest rate. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). Under 28 U.S.C. § 1961, post-judgment interest "shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The previous week's auction price of 52-week treasury bills, as posted by the Federal Reserve, was 5.35 percent.[3]

## CONCLUSION

For the above reasons, Plaintiff's motion for default judgment, attorney fees, and costs (ECF No. 14) is GRANTED. Plaintiff is entitled to:

a. $1,200 in statutory damages;

b. $5,000 in punitive damages;

c. $7,960 in attorney fees;

d. $447 in court costs; and

e. Post-judgment interest at a rate of 5.35 percent.

IT IS SO ORDERED.

DATED this 9th day of August, 2023.

          /s/ Michael J. McShane
Michael McShane
United States District Judge

---

[3] Board of Governors of the Federal Reserve System, *Selected Interest Rates (Daily) – H.15*, http://www.federalreserve.gov/releases/h15/current/ (last visited August 8, 2023)

7 – OPINION AND ORDER